CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 2 3 2009

JOHN F. CORCORAN, CLERK
BY: /s/ 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> JOHN K. GILES D/B/A GILES LOGGING, <br><br> *Defendant.* | CIVIL NO. 6:08cv00027 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Summary Judgment (docket no. 7). Plaintiff Caterpillar Financial Services Corporation filed a Complaint against the Defendant seeking judgment in the amount of deficiency balances remaining after repossession and sale of several pieces of machinery purchased by the Defendant. The Defendant answered the Complaint by letter, asserting that because the Plaintiff had repossessed the machinery, he was not liable for the balance remaining on the purchase prices. The Plaintiff then moved for summary judgment. The Defendant was provided with a Roseboro notice, but failed to respond to the instant motion by the stated deadline. This matter may be adequately resolved without a hearing and is therefore ripe for decision. For the reasons that follow, the Court will grant the Plaintiff's motion.

## I. BACKGROUND

This case arises out of Defendant's default on three sales contracts for pieces of heavy machinery. On April 23, 2004, Defendant entered into an installment sales contract with Pioneer Machinery LLC for the purchase of a Caterpillar Wheel Skidder for $165,936.66. On April 1, 2005, Defendant entered into an installment sales contract with Carter Machinery Company, Inc. for the purchase of a Caterpillar tractor for $131,000.00. On June 30, 2005, the Defendant entered into a second contract with Pioneer for the purchase of a Caterpillar Fellerbuncher for $198,000.00. Each contract required the Defendant to pay a certain amount of the purchase price immediately, and to pay the rest through monthly installments. Except for the purchase price and payment plans, the contracts were identical in their terms and conditions. Each seller retained a security interest in each piece of equipment. Pioneer and Carter subsequently sold and assigned their interests in these contracts to the Plaintiff, who became their successor-in-interest to the contracts.

The Defendant defaulted on all three contracts by failing to make the required payments. Plaintiff repossessed the machines and, after providing notice to the Defendant, sold each machine in public or private sales. After the sales, a deficiency balance remained on each piece of equipment, for a total deficiency of $217,618.95. The Plaintiff now seeks to recover that amount, plus interest and attorney's fees.

## II. STANDARD OF REVIEW

A court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, if the evidence of a material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., id.* at 248–50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir.1999).

### III. DISCUSSION

A. <u>Choice of Law</u>

The installment sales contracts at issue in this case each contain a provision for the application of Tennessee law. When determining choice of law issues, a federal court sitting in diversity shall apply the law of the forum state. *Sokolowski v. Flanzer*, 769 F.2d 975, 977 (4th Cir. 1985) (*citing Klaxon v. Stentor Electrical Manufacturing Co.*, 313 U.S. 487, 494 (1941)). Forum selection clauses are generally enforced by federal courts, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972), as well as in Virginia, *Paul Business Systems v. Canon U.S.A., Inc.*, 240 Va. 337, 397 S.E.2d 804 (1990). Accordingly, Tennessee law applies to this case.

B. <u>Defendant's Default and Liability for Deficiencies</u>

The installment sales contracts provide for the purchase of the three machines, secured by an interest in the machines themselves. The contracts require the Defendant to pay monthly installments on the purchase price of each machine, and state that failure to do so will constitute default. The Plaintiff filed an affidavit by its account manager, as well as account sheets for all

three contracts, which show that the Defendant eventually stopped making the monthly payments that were due. Therefore, he was clearly in default.

The contracts contain an acceleration clause effective at the seller's option in the event of a default. The contracts also provide that after default, the secured party may repossess the collateral and "undertake commercially reasonable efforts to sell" it. The proceeds of the sale are then applied to the amounts owed by the purchaser. Finally, the contracts provide that "Purchaser shall promptly pay any deficiency to Seller."

Tennessee law also provides that a secured party may recover collateral and dispose of it in order to recoup money still owed by the debtor. Tenn. Code Ann. § 47-9-601. One of the methods of disposition is through a commercially reasonable sale. Tenn. Code Ann. § 47-9-610(a). Prior to the sale, the secured party must notify the debtor of the disposition of the collateral. Tenn. Code Ann. § 47-9-611(b).[1] All aspects of the sale must be commercially reasonable. Tenn. Code Ann. § 47-9-610(b). The burden of proving that the sale was commercially reasonable is on the secured party. *Cullum & Maxey Camping Center, Inc. v. Adams*, 640 S.W.2d 22, 25 (Tenn.App. 1982). Commercial reasonableness requires the sale to be "made in keeping with the prevailing trade practices among respectable and responsible business and commercial enterprises engaged in the same or similar business." *Leasing Service Corp. v. First Tennessee Bank Nat. Ass'n*, 826 F.2d 434, 439 (6th Cir. 1987). In evaluating commercial reasonableness, a court considers "the procedures employed for the sale rather than the proceeds received, but the terms of the sale bear scrutiny, and the elements of the manner, method, time, place and terms are to be viewed as necessary and interrelated parts of the whole transaction." *In re Youngblood*, 167 B.R. 870, 874 (Bankr. W.D. Tenn. 1994). Tennessee law

---

[1] In addition, the notice must be given at a reasonable time, and must contain certain information. Tenn. Code Ann. §§ 47-9-612 – 613. The notices provided by Plaintiff to the Defendant meet these requirements.

-4-

Case 6:08-cv-00027-NKM-mfu Document 17 Filed 01/23/09 Page 4 of 6 Pageid#: 145

also provides that a debtor remains liable for any deficiency that remains after a secured party disposes of collateral. Tenn. Code Ann. § 47-9-615(d)(2).

In this case, there is no dispute that the Defendant was in default, that Plaintiff was within its rights under both the sales contracts with Defendant and applicable law to repossess and sell the collateral, and that the sales were commercially reasonable. Further, the Defendant does not dispute the accounting provided by the Plaintiff of the deficiencies remaining. Finally, the law is clear that the Defendant does in fact remain liable for the deficiencies remaining after disposition of the collateral. Accordingly, there are no issues of material fact in dispute, and summary judgment is appropriately granted for the Plaintiff.

C.  Attorney's Fees

The Plaintiff also prays for an award of attorney's fees. Each contract with the Defendant provides for an award of attorney's fees incurred to enforce the creditor's rights under the terms of the contracts. Such provisions are enforceable under Tennessee law. *See, e.g., Vatt v. James*, 180 S.W. 3d 99, 109 (Tenn. Ct. App. 2005) (awarding attorney's fees pursuant to contractual provision); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W. 2d 336, 338 (Tenn. 1985) (noting that attorney's fees are not generally recoverable unless provided for by statute or contract). Because Defendant defaulted under each of the three contracts, Plaintiff is entitled to reasonable attorney's fees. The Plaintiff shall file a motion for attorney's fees, complying with Fed. R. Civ. P. 54(d)(2).

## IV. CONCLUSION

For the reasons stated herein, the Court will grant the instant Motion (docket no. 7). The Plaintiff shall file a proposed order of judgment calculating the exact amount due, including costs and interest, if any. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record

ENTERED: This 23rd Day of January, 2009

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE